**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000533
31-MAY-2017
10:29 AM**

NO. CAAP-16-0000533

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF
STANLEY M. AND MARTHA B. ZEDALIS
LIVING TRUST DATED JUNE 24, 2004

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(TRUST NO. 14-1-00020)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-16-0000533 FOR LACK OF APPELLATE JURISDICTION
(Nakamura, C.J., Leonard and Chan, JJ.))

Upon review of (1) Petitioners-Appellants Lillian J. Zedalis and Maryann Jolin's (the Appellants) appeal from the Honorable Glenn S. Hara's June 23, 2016 judgment in a trust proceeding in TR No. 14-1-0020 regarding the Stanley M. And Martha B. Zedalis Living Trust Dated June 24, 2004 (the Zedalis Trust), and (2) the record, it appears that we lack appellate

jurisdiction over appellate court case number CAAP-16-0000533, because the June 23, 2016 judgment does not satisfy the requirements for an appealable final judgment in a trust proceeding under Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 34(a) of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34 of the Hawai'i Probate Rules (HPR) for, among other things, trust proceedings (see HPR Rule 1), which requires the probate court to reduce most orders to a separate judgment as a prerequisite for appealability:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>     (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
>     (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
>     (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>     (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). The commentary for HPR Rule 34 clarifies that "[HPR] Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g.,

Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statues Annotated Court Rules, HPR Rule 34 cmt. (Michie 2017). The holding in Jenkins governs the form of judgments under Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), and "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. Certification under HRCP Rule 54(b) requires an express finding of "no just reason for delay" in the entry of judgment as to one or more but fewer than all claims or parties.

Pursuant to HPR Rule 34, the probate court entered the June 23, 2016 judgment in a trust proceeding in TR No. 14-1-0020 on the probate court's June 23, 2016 amended findings of fact, conclusions of law and order (June 23, 2016 amended FOF/COL/Order) that fully addressed and resolved all of the claims in the Appellants' December 20, 2014 petition to determine who should serve as the trustee of the Zedalis Trust, but, the June 23, 2016 judgment did not finally end and conclude all possible trust proceedings for the Zedalis Trust in TR No. 14-1-0020. Indeed, court records indicate that parties have subsequently filed other

-3-

petitions in TR No. 14-1-0020. Consequently, for the purpose of perfecting any aggrieved party's right to assert an appeal, HPR Rule 34(a) required the probate court to certify the June 23, 2016 judgment for an appeal in the manner provided by HRCP Rule 54(b). However, the June 23, 2016 judgment does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Although, the June 23, 2016 amended FOF/COL/Order contains an express finding of no just reason for delay in the entry of a judgment on the Appellants' petition, this is not sufficient. Whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). As the Supreme Court of Hawaii states, "[i]f a judgment purports to be certified under HRCP [Rule] 54(b), the necessary finding of no just reason for delay . . . must be included in the judgment." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (citation omitted). Thus, in cases where HPR Rule 34 applies, the Supreme Court of Hawai'i has consistently held that when a "final judgment terminating the proceeding has not been entered, and these [appealed] orders were not certified for appeal[,] . . . those orders are not before us." In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006).

Because it lacks an express certification in the manner provided by HRCP Rule 54(b), the June 23, 2016 judgment in this trust proceeding fails to satisfy the requirements for appealability under HPR Rule 34(a) and HRS § 641-1(a) and HPR Rule 34(a). Consequently, we lack appellate jurisdiction, and the Appellants' appeal is premature.

Therefore, IT IS FURTHER HEREBY ORDERED that appellate court case number CAAP-16-0000533 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 31, 2017.

Chief Judge

Associate Judge

Associate Judge